[No. B002479. Second Dist., Div. Six. Aug. 1, 1984.]

In re MAXWELL C., JR.,
a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MAXWELL C., JR., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*At the direction of the court, and pursuant to California Rules of Court, rule 976.1, the portion of the opinion certified for publication follows.

**COUNSEL**

Edward J. Roberts, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Andrew D. Amerson and Ernest Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ABBE, J.**—Appellant minor was adjudged a ward of the court upon his admission of allegations of a petition filed pursuant to Welfare and Institu-

tions Code section 602.[1] The petition alleged the minor received and concealed stolen property as proscribed by Penal Code section 496. We find merit in appellant's contention the court abused its discretion in ordering as a condition of probation that he pay restitution to the victim for all losses and damages suffered by the victim in the burglary of his auto wherein the goods were stolen.

During the disposition hearing the victim appeared and requested the full amount of his losses in the sum of $1,134.95. The losses included damage to the vehicle in securing entry thereto, vandalism and other damage done to the dash in removing the stereo. The stolen stereo unit, which appellant possessed, had been restored to the victim by the appellant's father prior to the filing of the petition. The stereo unit was in damaged condition and required testing and repair, the costs of which were included in the total.

The information available to the court on disposition indicates appellant at all times denied responsibility for the burglary of the auto. He readily admitted knowingly receiving the stolen stereo. He refused to identify the person from whom he received the stereo. The court expressed doubts whether it had proper authority to impose full restitution for the burglary over appellant's objection but did so because ". . . the Court believes the minor ripped off the property but did not plead to ripping off the property." It is therefore necessary to determine whether a court has discretion to order a probationer to pay restitution for losses due to criminal conduct which was neither charged and found to be true nor admitted. For the reasons set forth below we conclude a court may not do so.

Restitution orders for juvenile offenders are specifically allowed by statute for minors adjudged wards of the court (§ 731) and have been upheld even where no statute specifically authorizes them. (*Charles S.* v. *Superior Court* (1982) 32 Cal.3d 741 [187 Cal.Rptr. 144, 653 P.2d 648].) Such orders, however, are appropriate only where they serve a rehabilitative function. (*Id.*; cf., *People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97].)

Orders for restitution have been permitted in adult probation cases which were not limited to the losses actually caused by the conduct for which the person was convicted. (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].) However, the restitution must be directly related to the crime charged and must relate to acts by the accused which were committed with the same state of mind as the offense of which he was convicted in order that the statutory rehabilitative effect can take

---

[1]All further references are to this code unless otherwise specified.

place. (*People* v. *Richards, supra,* 17 Cal.3d 614, 622.) With minors as well as adults "[n]o rehabilitative purpose can be served by forcing a person to confront tendencies which differ from those which induced his crime. . . ." (*Ibid.*) The state of mind with which burglary or vandalism are committed is different than that required for receiving stolen property.

We also note due process considerations have played an important role in determining whether a particular restitution order may exceed the actual losses from conduct which the accused has been found to have committed. Such orders have been found appropriate where evidence at trial or thereafter shows the requisite connection between the offense committed and all the losses for which restitution is ordered. (See *People* v. *Lent, supra,* 15 Cal.3d 481.) The orders are invalidated where there is no evidence in the record from which the trial court could rationally conclude the probationer was responsible for other losses ordered paid. (See *People* v. *Richards, supra,* 17 Cal.3d 614, 624.)

In *Richards* (*ibid.*) a restitution order was made at a sentencing procedure which, as in the instant case, did not include a hearing to determine facts related to the accused's conduct other than those already in the record. There the court ordered the probationer to pay restitution for losses to the victims of charged criminal conduct for which the probationer had been acquitted at trial. Here the minor was ordered to pay all damages from a burglary and vandalism of an auto for which appellant had not been charged. ▇ A minor cannot be found to have committed an offense neither specifically alleged nor necessarily included in the alleged offense without his consent, (see *In re Robert G.* (1982) 31 Cal.3d 437). The minor ". . . should not have the additional task of persuading the judge regarding the subsequent . . . disposition on other charges." (*People* v. *Richards, supra,* 17 Cal.3d at p. 624.)

Finally, we note that section 729.6 at the time of minor's offense and disposition required restitution as a condition of probation upon a section 602 finding when the court does not remove the minor from the physical custody of the parents. While the minor here was temporarily removed from the parents' home, the probation conditions including restitution were imposed "upon release from residential treatment program" to his parents. ▇ Subdivision (b)(3) of former section 729.6 defined restitution for purposes of the section and limited the amount thereof to ". . . losses . . . caused by the defendant [*sic*] as a result of committing the crime for which he or she was convicted [*sic*]." This section therefore appears to limit restitution as a condition of probation to only those losses proximately caused by the criminal conduct which the accused has been found to have committed.

. . . . . . . . . . . . . . . . . . . . . . . . .*

The order placing the appellant on probation on condition that he make restitution for all of the losses suffered by the victim is reversed. As the court has already determined that minor is a proper candidate for probation, the case is remanded with directions to grant probation on reasonable conditions, but not including that he pay restitution to the victim for all losses and damages suffered by the victim in the burglary of his automobile.

Stone, P. J., and Gilbert, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 1, 1984. Broussard, J., and Reynoso, J., were of the opinion that the petition should be granted.

*See footnote, *ante,* page 263.