[No. D004761. Fourth Dist., Div. One. Apr. 27, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LEE SCROGGINS, Defendant and Appellant.

COUNSEL

David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

TODD, J.—David Lee Scroggins pleaded guilty to receiving stolen property (Pen. Code,[1] § 496, subd. 1) in return for a commitment not to oppose local time. On appeal from the ensuing judgment, he seeks to overturn a condition of probation that he pay restitution to various burglary victims of $2,366 during his five-year period of probation. He also complains on appeal he was denied a hearing to establish the actual losses proximately caused by his criminal conduct and he was not given full credit for time he had already served.

## FACTS

On December 13 and 14, 1985, burglaries occurred in four apartment units in a Pacific Beach complex. Items taken included video cassette recorders, television sets, cameras, jewelry, telephone answering machines, purses and a blood pressure cuff. Scroggins was residing in the complex with his sister. She discovered several pieces of property, which she knew did not belong to her brother. She contacted the apartment manager and a security officer who identified the property as listed stolen by other complex residents. Police were summoned. The officers confiscated the stolen items (a blood pressure cuff, a television and a cassette player) and arrested Scroggins.

At the sentencing hearing, the trial court considered a probation report that stated the property still not recovered from the burglaries was valued at "some $2,366." The probation report also stated that one burglary victim had recovered his property while the other three still had not recovered all of their goods. These three burglary victims told the probation department the total value of their still missing property was $2,366.

As a condition of probation, the trial court ordered Scroggins to pay restitution in the amount of $2,366. Defense counsel then requested a hearing

---

[1]All statutory references are to the Penal Code unless otherwise specified.

regarding the amount of restitution and the trial court responded that counsel could get an accounting from the probation department and put the matter back on calendar.

The trial court committed the defendant to the custody of the sheriff for 270 days with credit for 7 actual days served with 3 section 4019 credits for a total credit of 10 days.

DISCUSSION

I

Scroggins contends the restitution order compelled him—as a condition of probation—to pay restitution for crimes that he did not commit and for damages not proximately caused by him. He argues the restitution order is therefore inconsistent with the state's statutory directives and case law. We agree.

■ Section 1203.1 grants the trial court broad discretion to prescribe conditions of probation, including restitution. (*People* v. *Lafantasie* (1986) 178 Cal.App.3d 758 [224 Cal.Rptr. 13].) However, a condition of probation must serve a purpose specified in section 1203.1, which has as its major goal the rehabilitation of the criminal. (*People* v. *Richards* (1976) 17 Cal.3d 614, 619-620 [131 Cal.Rptr. 537, 552 P.2d 97].)

■ In *Richards,* our Supreme Court held that absent extraordinary circumstances probation may not be conditioned on restitution involving a purported crime for which the defendant was acquitted. The *Richards* court noted that California law does not limit restitution to the actual losses caused by the crime proved. (*People* v. *Richards, supra,* 17 Cal.3d at p. 619.) However, the court proceeded to warn: "[C]ourts must tread lightly in this area lest they be reduced to 'mere collection agencies' [citations], and restitution must in each case be narrowly tailored to serve a purpose described in section 1203.1." (*Id.* at p. 620.)

The *Richards* court observed that a probationary condition requiring a defendant to pay a third party for losses not actually caused by defendant's crime is in effect requiring the defendant to choose between accepting incarceration and righting a wrong he may not in fact have committed. "If a restitution order is to redirect a defendant to acceptance of responsibility for the crime he has committed, the order must be directly related to that crime." (*Id.* at p. 622.)

The *Richards* court concluded that to be valid a restitution order that exceeds the loss caused by defendant's offense must serve a rehabilitative

purpose and such purpose cannot be served "unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted . . . ." (*Id.* at p. 622.)

Here, Scroggins was never charged with or found to be criminally responsible for the burglaries. He was charged and convicted of receiving stolen property, and those items of property were recovered by the police and presumably returned to the rightful owners. Nevertheless, the trial court ordered Scroggins to pay restitution to burglary victims, whose losses were not connected to Scroggins's crime. The court did not conclude—nor from this record could it have—that Scroggins was responsible for these other losses that it ordered paid.

In short, the instant restitution order has no relationship to the crime for which Scroggins was convicted, and we can find no relationship between it and the potential for a "salutary" rehabilitative effect it could have on the defendant. (See *People* v. *Richards, supra,* 17 Cal.3d at p. 620.)

■ For similar reasons, the instant restitution order also fails on a statutory basis. Section 1203.04, subdivision (d) provides in pertinent part: " '[R]estitution' means full or partial payment for the value of stolen or damaged property . . . which losses were caused by the defendant as a result of committing the crime for which he or she was convicted." There was no showing in this case that Scroggins's conduct proximately caused the $2,366 in losses suffered by the burglary victims.

The case of *In re Maxwell C.* (1984) 159 Cal.App.3d 263 [205 Cal.Rptr. 310] is directly on point. In *Maxwell C.,* a minor offender was adjudged a ward of the court after admitting allegations of a petition filed pursuant to Welfare and Institutions Code section 602. The petition alleged the minor received and concealed stolen property—a car stereo. The juvenile court ordered the minor to pay restitution to the victim for all losses and damages suffered by the victim in the auto burglary. The minor had admitted knowingly receiving stolen property, but denied responsibility for the burglary. The car stereo was recovered and returned to the victim. In ordering the minor to pay full restitution for the vandalism and other damages to the automobile, the juvenile court judge said he believed the minor had committed the auto burglary as well as receiving the stolen property. The Court of Appeal reversed, holding the juvenile court did not have the discretion to order the minor to pay restitution for losses due to criminal conduct which was neither charged and found to be true nor admitted. The *Maxwell C.* court held: "[T]he restitution must be directly related to the crime charged and must relate to acts by the accused which were committed with the same state

of mind as the offense of which he was convicted in order that the statutory rehabilitative effect can take place. . . . The state of mind with which burglary or vandalism are [*sic*] committed is different than that required for receiving stolen property." (*Id.* at pp. 265-266.)

We cannot agree with respondent's contention that *Richards* and *Maxwell C.* are inapplicable. Nor can we accept respondent's statement that the state of mind for burglary and the state of mind for receiving stolen property are congruent because each crime results in deprivation of property to the victim. The statement ignores the explicit holding in *Maxwell C.* that the two crimes involve different states of mind. (*In re Maxwell C., supra,* 159 Cal.App.3d at p. 266.)

Respondent's argument that the instant restitution order will have a rehabilitative deterrent effect also ignores the well-established principle proclaimed in *Richards* that restitution must be directly related to the crime for which the defendant was convicted.

We are cognizant that California courts have on occasion approved restitution orders that exceeded the losses for which a defendant has been held culpable. (*People* v. *Lent* (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545]; *People* v. *Miller* (1967) 256 Cal.App.2d 348 [64 Cal.Rptr. 20].) But this case is clearly distinguishable. For example, in *Lent,* the defendant was required to pay restitution for two counts of theft even though he was acquitted of one of them. In upholding the restitution, the Supreme Court explained the order was justified because of "additional circumstances," including an unusually prolonged probation hearing that lasted almost two court days, as well as the fact the trial court was convinced that the defendant had perjured himself during trial. (*People* v. *Lent, supra,* 15 Cal.3d at p. 487.) Such circumstances were not present here.

## II

▋ Scroggins contends the trial court should have conducted a restitution hearing to determine the victims' actual losses proximately caused by his criminal conduct and the appropriateness as well as the amount, if any, of restitution in this case. We agree.

At the sentencing hearing, the trial court and defense counsel engaged in the following exchange: "[Defense Counsel]: Your Honor, one point: Could we ask for a hearing regarding the amount of restitution? [¶] He was convicted of receiving stolen property. All the property was recovered.

"The Court: Let me say that that order will be amended to say that the amount of restitution is subject to modification which means that you may

then go to the probation department, get an accounting, and the matter may be put back on calendar and we'll deal with it at that time."

In *People* v. *Hartley* (1984) 163 Cal.App.3d 126 [209 Cal.Rptr. 131], the Court of Appeal held a trial court is required to grant a defendant's request for a hearing on the issue of restitution: "[A] defendant is 'entitled to a judicial determination of the propriety of restitution to the victim ... , and of the amount, if any, which the appellant must pay in light of his individual culpability and his ability to pay.' [Citations.]" (*Id.* at p. 128, original italics.)

It is clear that in ordering Scroggins to pay $2,366 in restitution, the trial court relied entirely on the probation department, which apparently derived the figure solely from the burglary victims' statements. No independent verification of the amounts supplied by the victims was presented, nor was it shown that these amounts were based on the replacement value of the goods. A defendant's obligation to make restitution is statutorily limited to replacement cost. (See § 1203.04, subd. (d).)

It is unclear if in its remarks the trial court was leaving the door open for a restitution hearing in the future. Regardless of whether this was the court's intent, it should have conducted a restitution hearing before ordering any specific amount of restitution.

As discussed, *ante,* in part I, Scroggins should not have been ordered to pay restitution for losses that did not result from his criminal conduct. There should have been a judicial determination of whether any of the claimed $2,366 in unrecovered losses was proximately caused by Scroggins's crime, and, if so, the replacement value of that property. Also, in a restitution hearing, the trial court could consider Scroggins's ability to pay before fashioning an appropriate restitution order. (See Cal. Rules of Court, rule 419(a)(8)(iii).) Without such a hearing, Scroggins's rights of due process under the law were severely curtailed.

### III

Respondent concedes there was error in calculating Scroggins's credit for time served because fractions of days were not counted as full days served. (See *In re Jackson* (1986) 182 Cal.App.3d 439 [227 Cal.Rptr. 303].) Under the proper calculation, Scroggins should have been credited with serving nine days rather than seven. Accordingly, his section 4019 credits should be adjusted from three days to four days, bringing the total days of credit to thirteen.

## Disposition

We strike the condition of probation requiring the payment of $2,366 in restitution. We remand the case to the trial court for (1) a restitution hearing to determine (a) the appropriateness, (b) the amount, if any, and (c) the terms of payment of restitution in accordance with the principles stated in this opinion; and (2) a recalculation of actual days served using the appropriate calendar-day measure and a readjustment of the section 4019 credits. In all other respects, the judgment is affirmed.

Wiener, Acting P. J., and Work, J., concurred.