[No. B020977. Second Dist., Div. Seven. Feb. 19, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEXANDER VOURNAZOS, Defendant and Appellant.

950

**Counsel**

Daniel A. Dobrin, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Andrew D. Amerson and Alison Braun, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**LILLIE, P. J.**—Defendant appeals from judgment (order granting probation) entered after his negotiated plea of nolo contendere to the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) and to receiving stolen property (Pen. Code, § 496).

### Facts

On August 5, 1985, Craig Wright parked and locked his 1981 Mercedes Benz automobile in the garage at his residence.[1] The following morning he discovered the car was missing. On August 7, 1985, at 12:30 a.m. while on patrol, Officer Holbrook saw a Mercedes Benz double parked. Holbrook noticed the car had no rear license plate and ascertained that it was stolen. He walked over to the car and found defendant in the driver's seat. Defendant told him that a man named Schwartz, whom he met on Hollywood Boulevard, gave him permission to drive the car; he did not know Schwartz's address, telephone number, or how to get in touch with him. From a computer check Holbrook learned that the car belonged to Wright. Holbrook arrested defendant and searched the car. In the front console immediately to the right of the driver's seat he found blank checks, credit cards and identification cards. Some of these items belonged to one Dale Condra and were stolen from his Mazda automobile in July 1985. When Wright parked and locked the Mercedes he left in it his briefcase containing a solid gold key. The car and the key were returned to Wright on August 7,

---

[1] The Mercedes was leased by Wright's company for his use.

1985. Wright did not claim as his any of the checks and cards Holbrook found in the Mercedes.

By amended information defendant was charged in count I, with theft of the Mercedes, a felony (Pen. Code, § 487, subd. 3); count II, with driving and taking the Mercedes without Wright's consent and with intent to deprive him of title and possession of said vehicle, a felony (Veh. Code, § 10851, subd. (a)); count III, with burglary, a felony, committed by entering Dale Condra's Mazda automobile, its doors being locked, with intent to commit larceny (Pen. Code, § 459); and count IV, with receiving stolen property consisting of checks and credit cards, a felony (Pen. Code, § 496). Defendant pleaded not guilty to each count. On March 5, 1986, pursuant to a plea bargain defendant withdrew his plea of not guilty to counts II and IV and pleaded nolo contendere to those counts. Based on a probation report, proceedings were suspended and defendant was placed on probation for four years on certain conditions, among others, that he spend the first year in jail and make restitution to the victims of his crimes through the probation officer in such amount and manner as the latter prescribed. At the conclusion the proceedings of March 5, 1986, the court set the matter for a supplemental hearing stating: "If there is any problem with regard to the court's conditions, I would ask you to communicate those to the probation department and the court will consider a modification at the time we handle the supplemental hearing. Is that acceptable?" and defendant responded, "Yes, sir."

On October 24, 1986, the supplemental probation hearing took place. The court considered a supplemental probation report to which was attached a statement of loss signed by Craig Wright and submitted by him to the probation department. In the statement Wright listed damage to the Mercedes, loss of certain articles of personal property and loss of wages, for a total of $2,180, as his losses[2] resulting from defendant's violation of Vehicle Code section 10851, subdivision (a). Richard Stickney, defendant's supervising probation officer, testified that he determined defendant should pay Wright restitution of $2,180 based on Wright's statement of loss and his

---

[2]
| "Repair driver's seat which was damaged on Mercedes 300SD when it was stolen | $300 |
| "Pair prescription sun glasses stolen | $250 |
| "Two leather address books from Smythson London | $ 40 |
| "Leather key container Hermes Paris stolen | $200 |
| "Leather wallet Hermes Paris stolen | $400 |
| "Leather passport container Hermes Paris stolen | $300 |
| "Two lapel pins – Arnes Paris stolen | $ 40 |
| "Replacement of stolen passport/driver license | $ 50" |

Wright also claimed lost earnings of $600 for three days off work.

discussions with Wright. On cross-examination Stickney testified that he asked Wright's bookkeeper to send him documented proof of the losses claimed, but he did not receive such proof. No other witness testified. The court fixed $2,180 as the amount of restitution due Wright and ordered defendant to pay that sum to Wright in such manner as prescribed by his probation officer.

Defendant appeals from the judgment granting probation.

DISCUSSION

I

An order granting probation is deemed to be a final judgment for the limited purpose of taking an appeal therefrom. (Pen. Code, § 1237, subd. (a); *People* v. *Duncan* (1986) 42 Cal.3d 91, 97 [227 Cal.Rptr. 654, 720 P.2d 2].) On appeal from such a judgment the defendant who accepts probation may seek relief from the restraint of any allegedly invalid condition of probation. (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727].) On this appeal defendant challenges not only the validity of restitution as a condition of probation, but also the amount of restitution he was ordered to pay and his ability to pay. The order fixing the amount of restitution and directing defendant to pay it was made October 24, 1986, more than seven months after entry of the judgment granting probation and filing of defendant's notice of appeal from the judgment. On defendant's motion the record on appeal was augmented to include the proceedings of October 24, 1986. "Matters occurring after entry of judgment are ordinarily not reviewable: The appeal reviews the correctness of the judgment or order as of the time of its rendition, leaving later developments to be handled in subsequent litigation." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 252, pp. 258-259.) That rule is inapplicable in the present case.

In March 1986, when defendant was granted probation with restitution as one of the conditions thereof, the court did not fix the amount of restitution; not until October 1986 was the amount of restitution determined to be $2,180 and defendant ordered to pay that sum. Thus, the judgment in effect was not a final judgment until the details of the restitution were supplied by the order of October 24, 1986. Under these circumstances the final judgment for purposes of appeal is the judgment granting probation as supplemented by the order of October 24, 1986, and defendant's appeal from the judgment of March 5, 1986 therefore was premature. We treat such appeal as filed immediately after the making of the order of October 24, 1986 (Cal.

Rules of Court, rule 31(a)), thus permitting review of the proceedings of that date.

While defendant was convicted upon a plea of nolo contendere and failed to obtain a certificate of probable cause for appeal, Penal Code section 1237.5[3] does not preclude the appeal inasmuch as defendant does not challenge the validity of the plea but asserts that errors were committed in the subsequent probation proceedings. (See *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028].)

We turn now to the merits of the appeal.

## II

Defendant contends the restitution imposed as a condition of probation was improper because there was an insufficient connection between the crime of which he was convicted and the property losses claimed by victim Craig Wright.

Penal Code section 1203.1 expressly authorizes courts to "provide for restitution in proper cases." The term "restitution" or "reparation" as used in section 1203.1 has been judicially defined to mean "reimbursement to the victims of crime for actual loss flowing from the charged offense or from related misconduct." (*People* v. *Baker* (1974) 39 Cal.App.3d 550, 559 [113 Cal.Rptr. 248]; see also *People* v. *Baumann* (1985) 176 Cal.App.3d 67, 76 [222 Cal.Rptr. 32].) "Restitution" is statutorily defined as "full or partial payment for . . . losses . . . caused by the defendant as a result of committing the crime for which he or she was convicted." (Pen. Code, § 1203.04, subd. (d).) The trial court is granted wide discretion under Penal Code section 1203.1 to prescribe conditions of probation. (*People* v. *Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97]; *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545] .) The discretion is not boundless (*People* v. *Phillips* (1985) 168 Cal.App.3d 642, 646 [214 Cal.Rptr. 417]), but "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was

---

[3] Penal Code section 1237.5: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings, and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People* v. *Lent, supra,* 15 Cal.3d 481, 486.)

### A

■ Restitution was clearly related to one of the crimes of which defendant was convicted, viz., taking or driving Wright's Mercedes Benz without his consent and with the intent to deprive him of title and possession of the vehicle. When Wright parked and locked the Mercedes on August 5, 1985, he left in it a briefcase containing a gold key. While Wright recovered the key, there is no evidence he recovered the briefcase. It is therefore a reasonable inference that the items of personal property, for the loss of which restitution was ordered, were in the briefcase which in turn was in the car. Those items were lost as a result of defendant's unlawful taking and/or driving the Mercedes.

### B

■ Defendant contends the restitution order related to conduct that was not criminal in that he was not convicted of the theft of the Mercedes which requires a state of mind (intent permanently to deprive the rightful owner of his property [*People* v. *Kunkkin* (1973) 9 Cal.3d 245, 251 (107 Cal.Rptr. 184, 507 P.2d 1392, 57 A.L.R.3d 1199)]) different from that required for the crime of which he was convicted. In support of this contention defendant cites *People* v. *Richards, supra,* 17 Cal.3d 614, wherein it is stated: "If a restitution order is to redirect a defendant to acceptance of responsibility for the crime he has committed, the order must be directly related to that crime. [Citation.] It is obvious that unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted, this salutary rehabilitative effect cannot take place. No rehabilitative purpose can be served by forcing a person to confront tendencies which differ from those which induced his crime." (P. 622; fn. omitted.) The crime of which defendant was convicted consists of taking or driving the vehicle of another, without his consent, "and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intention to steal the vehicle . . . ." (Veh. Code, § 10851, subd. (a).) By driving Wright's Mercedes with the intent required for the crime of which he was convicted, defendant necessarily treated the property in the car with the same intent, i.e., either permanently or temporarily to deprive the owner of the car and property. This meets the requirement of *Richards*

and, under the analysis set forth therein, permits restitution to serve its rehabilitative purpose.

Defendant further argues there was no evidence that he was responsible for the losses Wright enumerated in his statement of loss. However, in ordering restitution as a condition of probation the court "is not limited to the transactions or amounts of which defendant is actually convicted." (*People* v. *Lent, supra,* 15 Cal.3d 481, 486.) "Thus, 'restitution, as a valid condition of probation, need not be limited to the direct consequences of the criminal acts of which a defendant is actually convicted.' [Citations.]" (*People* v. *Baumann, supra,* 176 Cal.App.3d 67, 76.) As previously noted there is a sufficient connection between the crime of which defendant was convicted and the loss of Wright's property to warrant an order that defendant make restitution to Wright for such loss.

In support of a contrary conclusion defendant cites *In re Maxwell C.* (1984) 159 Cal.App.3d 263 [205 Cal.Rptr. 310] and *People* v. *Scroggins* (1987) 191 Cal.App.3d 502 [236 Cal.Rptr. 569]. Neither case is in point. In *Maxwell C.* a minor admitted the allegation of a wardship petition that he received and concealed property stolen in the burglary of an automobile. Inasmuch as the minor was not charged with burglary or vandalism of the automobile it was held that the court abused its discretion in ordering as a condition of the minor's probation that he pay restitution to the victim for all losses and damages sustained by him in the burglary. In *Scroggins* it likewise was held that a defendant who pleaded guilty to receiving stolen property was improperly ordered to pay restitution to burglary victims as a condition of probation where defendant was neither charged with nor found to be criminally responsible for the burglaries. Unlike the situation in *Maxwell C.* and *Scroggins,* defendant was ordered to pay restitution for losses directly related to the crime of which he was convicted.

C

■ The third and final requirement for the validity of a condition of probation set forth in *People* v. *Lent, supra,* 15 Cal.3d 481, 486, also is met inasmuch as payment of restitution by defendant will serve to deter future criminal conduct on his part by requiring him to compensate the victim of his crime.

Restitution in this case also fosters two additional goals of probation: to rehabilitate the criminal by "making [him] understand that he has harmed not merely society in the abstract but also individual human beings, and

that he has a responsibility to make them whole" (*People* v. *Richards, supra,* 17 Cal.3d 614, 620); and to make amends "for any injury done to any person resulting from" the probationer's breach of the law. (Pen. Code, § 1203.1, ¶ 6.)

### III

■ Defendant contends the restitution orders of March 5, 1986, and October 24, 1986, were invalid because they were not based on a finding that defendant had the ability to make restitution.

"Restitution shall be consistent with a person's ability to pay." (Pen. Code, § 1203.2, subd. (a).) While a defendant is entitled to have a court inquire into and determine his ability to pay restitution (*People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 358 [201 Cal.Rptr. 187]), we have discovered no case which holds there is a requirement that the court make an express finding of the ability to pay. In *People* v. *Baumann, supra,* 176 Cal.App.3d 67, the court stated that "there must be a finding the defendant has an ability to pay before conditioning probation upon the payment of restitution." (p. 81.) However, that statement is dictum inasmuch as the *Baumann* defendant did not claim that she was entitled to an express finding of her ability to pay restitution. She contended the restitution condition of her probation violated the proscription against imprisonment for a civil debt. It was in rejecting such contention that the court made the statement upon which defendant relies. (*Baumann, supra,* 176 Cal.App.3d at pp. 80-81.) A defendant is "entitled to a judicial determination of the propriety of restitution to the victim of [his crime], and of the amount, if any, which the appellant must pay in light of his individual culpability *and* his ability to pay." (*People* v. *Cervantes, supra,* 154 Cal.App.3d 353, 361, italics added; see also *People* v. *Hartley* (1984) 163 Cal.App.3d 126, 128 [209 Cal.Rptr. 131]; *People* v. *Kay* (1973) 36 Cal.App.3d 759, 763 [111 Cal.Rptr. 894, 73 A.L.R.3d 1235].)

At the initial probation hearing in March 1986 defendant did not assert that he was unable to make restitution. At the supplemental hearing in October 1986 he did not claim he was unable to pay restitution in the sum of $2,180 as recommended by his probation officer. By imposing restitution as a condition of probation, and again by ordering defendant to pay $2,180 as restitution, the trial court impliedly found that defendant had the ability to pay. That determination is supported by the preconviction probation

report[4] which shows: Defendant holds a bachelor of science degree in biology and a masters degree in parasitology and protozoology; from 1966 to 1982 he earned $36,000 per year; defendant has assets of $2,000 and no liabilities. Attachments to the supplemental probation report indicate that defendant is working with the State Department of Rehabilitation with a view to commencing studies to become a paralegal specialist.

Defendant argues that the record "supplies every reason for believing" that he was incapable of paying restitution either on March 5, 1986, or on October 24, 1986. Specifically, he notes he was indigent enough to qualify for court-appointed counsel; was unable to make bail of $10,000 and $65,000, respectively, in two criminal actions against him; had been in county jail for almost seven months at the time he was placed on probation and was scheduled thereafter to enter a residential treatment program for psychiatric problems. Defendant in effect urges us to reweigh the evidence which we cannot do. (See *People* v. *Bloom* (1983) 142 Cal.App.3d 310, 316 [190 Cal.Rptr. 857].) Viewed in the light most favorable to the judgment (*People* v. *Overly* (1985) 171 Cal.App.3d 203, 207 [216 Cal.Rptr. 924]), the record shows that in both March 1986 and October 1986 defendant had the resources, ability and training to enable him to pay restitution of $2,180 within the four-year probationary period.

IV

■ Defendant contends the amount of restitution is not supported by substantial evidence. We agree.

Where a defendant is ordered to make restitution for stolen or damaged property, the value of such property "shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (Pen. Code, § 1203.04, subd. (d); see also *People* v. *Scroggins, supra,* 191 Cal.App.3d 502, 508.) In ordering defendant to pay $2,180 in restitution, the trial court relied entirely on the recommendation of defendant's probation officer who, in turn, derived the figure solely from Wright's statement of loss and his discussions with Wright. Neither the statement nor the testimony of the probation officer established that the sum claimed by Wright for loss of property was based on the replacement cost of the property. Further, there was no evidence that the sum of $300 claimed for repair of damage to the Mercedes represented the actual cost of the repair. While a

---

[4] We take judicial notice of the preconviction probation report (Evid. Code, § 452, subd. (d)) which appears as an exhibit to defendant's petition for writ of mandate or error *coram nobis* filed in this court August 14, 1987 (No. B029307).

defendant bears the burden of proving that the amount of restitution claimed by the victim exceeds repair or replacement cost of lost or damaged property (*People* v. *Hartley, supra,* 163 Cal.App.3d 126, 130), defendant here was not required to meet that burden inasmuch as the replacement or repair cost of Wright's property was not established.

## DISPOSITION

That portion of the judgment granting probation which requires defendant to pay restitution in the amount of $2,180 is reversed and the trial court is directed to hold a hearing for the purpose of determining the replacement or repair cost of the items listed in the crime victim's statement of loss. In all other respects the judgment is affirmed.

Thompson, J., and Johnson, J., concurred.