Filed 3/3/14  P. v. Forest CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ERIN FOREST,<br><br>  Defendant and Appellant. | 2d Crim. No. B249660<br>(Super. Ct. No. 2012035768)<br>(Ventura County) |

Erin Forest appeals her conviction by plea of receiving stolen property, i.e., stolen jewelry.  (Pen. Code, § 496, subd. (a).)[1]  The trial court granted probation with 180 days county jail and ordered appellant to pay $7,840.76 victim restitution.  (§ 1202.4, subd. (f)).  Appellant claims that part of the restitution award, $2,583.60, is based on an uncharged offense and should be stricken.  We affirm.

*Procedural History*

Appellant was charged with two counts of receiving stolen property, waived preliminary hearing, and entered into a plea agreement to one count of receiving stolen property.  The police and probation reports, which are the factual basis for the plea, show the following:

---

[1] All statutory references are to the Penal Code.

On the evening of July 31, 2012, 1,000 pieces of jewelry worth $65,000 were stolen from Jacque Rheinish's truck. A week later, appellant and her ex-boyfriend, Christopher Fagundes, pawned some of the jewelry at the Goldfellow Pawn Shop. Two sales receipts established that appellant sold the jewelry on August 6, 2012 and August 7, 2012, for $305.68. Appellant suspected the jewelry was stolen and admitted selling it on at least two occasions to buy drugs.

Police found heroin, Ecstasy, and some of the jewlery at Fagundes' apartment.

The police also determined that Fagundues, accompanied by appellant, tried to pawn more jewelry (Rheinish's rings) at a gold store in Thousand Oaks. Fagundes presented an expired driver's license and was arrested. Appellant was arrested but not charged with receiving stolen property. The store returned the rings to Rheinish but some of the rings were smashed or had stones removed.

At the restitution hearing, appellant argued that the attempted sale of the rings had nothing to do with the count on which appellant pled guilty. Appellant's trial attorney requested that the court set the restitution amount at $5,257.16. "Miss Forest can't be ordered to pay restitution for crimes that she hasn't been accused of."

The trial court found that it "was a large theft, and the evidence adduced from the testimony today is that some of the property that was determined to be associated with the original theft was destroyed or melted in . . . the gold store, and there was some evidence that [appellant] was there when these items were originally transferred to the gold store . . . . I think that evidence supports a proposition that this is part of the same plea and case. Therefore, restitution is ordered in the same amount of $7,840.76. . . ." A restitution order was entered providing that if Fagundes is convicted and pays pay victim restitution for the stolen rings, that appellant may seek credit for the amount paid. (See e.g., *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535.)

*Victim Restitution*

Appellant, as a condition of the plea, made a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) and agreed to pay victim restitution. It is settled that

restitution may be ordered on uncharged offenses where probation is granted. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

Appellant's reliance on *In re Maxwel* (1984) 159 Cal.App.3d 263 is misplaced. There, a minor admitted receiving a stolen car stereo and not charged with the actual car burglary. (*Id.*, at p. 265.) The trial court granted probation and ordered minor to pay restitution for all losses and damages suffered by the victim, i.e., damage to the vehicle from the break-in, vandalism, and the cost of repairing the car stereo. (*Id.*, at p. 265.) We reversed, holding that "the restitution must be directly related to the crime charged and must relate to acts by the accused which are committed with the same state of mind as the offense of which he was convicted in order that the statutory rehabilitative effect can take place." (*Id.*, at p. 265.) Former Welfare and Institutions Code section 729.6, subdivision (b)(3) limited "restitution as a condition of probation to only those losses proximately caused by the criminal conduct which the accused has been found to have committed." (*Id.*, at p. 266.)

Unlike *Maxwell*, this is not a juvenile case and the evidence connects the appellant to the stolen rings. Appellant suspected the rings were stolen and accompanied Fagundes to the store. Possession of stolen property may be actual or constructive and need not be exclusive. (*People v. Land* (1994) 30 Cal.App.4th 220, 223.) Physical possession is not a required. (*Id.*, at p. 224.) The prosecution was not required to go through the formality of charging a third court of receiving stolen property (i.e., the rings). Even if appellant was acquitted on that count, restitution would be proper. (*People v. Lent* (1975) 15 Cal.3d 481, 487.) Restitution may be ordered for conduct underlying a dismissed or uncharged count. (*People v. Goulart* (1990) 224 Cal.App.3d 71, 79.)

## *Conclusion*

When ordering restitution as a condition of probation, the trial court has broad discretion. (*See e.g, People v. Anderson* (2010) 50 Cal.4th 19, 32.) "[A]n order for restitution, i.e., attempting to make a victim whole, has generally been deemed a deterrent to future criminality [citation], and the court is not limited to the transactions or amounts

of which defendant is actually convicted [citations] . . . ."  (*People v. Lent*, *supra,* 15 Cal.3d at p. 486.)  There was no abuse of discretion.  (*People v. Anderson*, *supra,* 50 Cal.4th at p. 32.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____


Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Linda C. Johnson, Supervising Deputy Attorneys General, for Plaintiff and Respondent.