Filed 3/23/16 P. v. Whiteman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041662 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1246332) |
| v. | |
| GRANT THOMAS WHITEMAN, | |
| Defendant and Appellant. | |

Defendant Grant Thomas Whiteman pleaded no contest to vehicle tampering and receiving stolen property—a Blackberry cellular phone. The phone was one of several items stolen from the victim of an automobile burglary unrelated to the tampering offense. The trial court ordered defendant to pay restitution to the victim for her entire loss. Defendant challenges the evidentiary basis for the restitution order, and its nexus to his conviction and rehabilitation. Finding no abuse of discretion, we will affirm the order.

## I. FACTUAL BACKGROUND[1]

### A. LOS GATOS VEHICLE TAMPERING

Defendant was a passenger in a pickup truck stopped by Los Gatos police on October 26, 2012 at around 3:45 a.m. A resident had reported two white men in his driveway prowling inside his car with flashlights. The resident shouted from his

---

[1] The facts are drawn from police reports in the trial court's file. The parties stipulated that the reports contained a factual basis for defendant's plea, and they relied on the reports in the restitution hearings.

bedroom window at the men who fled in a white Chevy truck. Police spotted the truck at the end of the reporting party's street. The driver, Scott Wright, told police that he and defendant were from Concord and were lost. The men denied entering any car, but they and the truck were positively identified by the reporting party.

Two working flashlights were located in the truck. Defendant had a backpack containing a Blackberry cellular phone, a Toshiba laptop, a password protected Kindle Fire, a Sony Cybershot camera, and $1,872 in cash. Police verified that the Blackberry had been stolen in a Danville automobile burglary the previous day. More than $1,900 in one hundred dollar and twenty dollar bills was found in the driver's door pocket and the console area, and Wright was found to have four grams of methamphetamine in his pants.

## B. DANVILLE AUTOMOBILE BURGLARY

On October 25, a Contra Costa County sheriff's deputy responded to an automobile burglary at a residential open house in Danville. The victim arrived at the property at 11:30 a.m. and at about 12:45 p.m. discovered her car window shattered and her purse stolen from under the driver's seat. The purse contained a Blackberry cell phone, a wallet with cash and bank cards, jewelry, and makeup.

The victim's debit card was used shortly after the burglary in Walnut Creek and Concord to make five purchases and two ATM cash withdrawals. The deputy obtained photographs of two men using the debit card at a store and video footage of one of those men using the card at an ATM. The deputy also obtained driver's license photographs for defendant and Wright. From the photographs and video he was unable to determine whether defendant or Wright had used the victim's debit card.

## II. TRIAL COURT PROCEEDINGS

The Santa Clara County District Attorney charged defendant and Wright with the Los Gatos vehicle tampering. (Veh. Code, § 10852; count 3.) The complaint also charged defendant with receiving stolen property—the Blackberry cell phone

2

(Penal Code, § 496, subd. (a); count 1)[2], and it alleged that defendant had a prior felony conviction for access card forgery (§§ 667.5, subd. (b); 484f, subd. (b)) in Stanislaus County.

Defendant pleaded no contest to both counts, and the prior conviction allegation was dismissed on the prosecutor's motion because of "some confusion as to where [it] came from." Defendant acknowledged on the waiver of rights form that "the Court will order me to pay restitution to any victim(s) for his/her/their losses." Imposition of sentence was suspended for three years and defendant was placed on formal probation. Among other conditions, he was ordered to serve six months in county jail and to pay various fines and fees.

The probation department contacted the victim of the Danville automobile burglary and invited her to file a claim for uncompensated financial loss. In response, the victim sought $1,963.25, which included compensation for a purse ($69), a Louis Vuitton wallet ($875), diamond earrings ($786.75), makeup ($112.50), and $120 cash.[3] Defendant objected to the restitution sought, and he argued at two hearings that the restitution was not authorized by section 1203.1 and violated due process. The trial court granted the victim's request in full. In its written order, the court found the request to be supported and reasonable, noting that defendant had failed to present any evidence that the claimed loss was incorrect or unreasonable. The court ruled that the request was reasonably related to defendant's convictions, and that defendant's possession of the stolen Blackberry in Los Gatos gave rise to the inference that he had taken the Blackberry and other items from the victim's car the previous day. The court also found the restitution award would deter defendant's future criminality.

---

[2] Undesignated statutory references are to the Penal Code. Undesignated subdivisions are to section 1203.1.

[3] The victim did not seek compensation for the Blackberry or for the debit card transactions because police had returned her Blackberry and her bank had reimbursed her for the unauthorized transactions.

3

## III. DISCUSSION

### A. LEGAL PRINCIPLES

Section 1203.1 gives the trial court broad discretion to impose probation conditions. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 (*Carbajal*).) "The court may impose and require . . . reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer[.]" (Subd. (j).) Restitution, like any other probation condition, must be "reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) Restitution may be ordered even "where the victim's loss was not the result of the crime underlying the defendant's conviction, but where the court finds such restitution will serve one of the purposes set out in [] subdivision (j)." (*Carbajal*, at pp. 1121, 1122.) The primary goal of restitution is rehabilitation. (*People v. Goulart* (1990) 224 Cal.App.3d 71, 78 (*Goulart*).) Deterrence is implicit in the concept of rehabilitation, and courts generally consider restitution to deter future criminal activity. (*Id*. at p. 78, fn. 4.)

The amount of restitution must be factually supported and rational. (*Carbajal*, *supra*, 10 Cal.4th at p. 1125.) A defendant is entitled to notice and the opportunity to controvert the basis for restitution. (*Ibid*.) The standard of proof used to determine whether restitution should be ordered and the amount of restitution is preponderance of the evidence. (*People v. Baumann* (1985) 176 Cal.App.3d 67, 80 (*Baumann*).) We review a restitution order for abuse of discretion. (*Carbajal*, at p. 1121.)

### B. THE *LENT* TEST—REASONABLE RELATIONSHIP TO DEFENDANT'S CONVICTION OR FUTURE CRIMINALITY

Defendant argues that an insufficient nexus exists between the victim's loss and defendant's convictions to sustain the restitution order as "reasonably related to the crime

4

of which the defendant was convicted or to future criminality." (*Lent*, *supra*, 15 Cal.3d at p. 486.) In defendant's view, insufficient evidence establishes his responsibility for the Danville automobile burglary. Defendant acknowledges that he can be held financially accountable for uncharged conduct under *Carbajal*, *Lent*, and *Goulart*, but he distinguishes those cases as involving acts clearly committed by those defendants.

The defendant in *Carbajal* was convicted of leaving the scene of an accident. The California Supreme Court upheld a condition requiring restitution for car damage as reasonably related to the defendant's conviction and future criminality, where the defendant never disputed damaging the car. (*Carbajal*, *supra*, 10 Cal.4th at pp. 1118–1119.) In *Lent*, the defendant was acquitted of one of two theft charges involving insurance proceeds, but he was ordered to pay restitution based on both. After a lengthy sentencing hearing, the court was convinced that the defendant had perjured himself at trial regarding the disposition of funds from the crime of which he had been acquitted and ordered restitution accordingly. (*Lent*, *supra*, 15 Cal.3d at p. 487.) The *Lent* court concluded the entire restitution order sufficiently related to the defendant's conviction and served to deter future criminality. (*Id.* at pp. 486–487.) *Goulart* involved a guilty plea to one count of interfering with an electricity transmission line in exchange for the dismissal of several similar charges, all alleged to have occurred in 1988. (*Goulart*, *supra*, 224 Cal.App.3d at pp. 77–78.) *Goulart* upheld a probation condition requiring the defendant to pay restitution for energy thefts occurring as far back as 1982, acknowledging that compensating crime victims is a deterrent to future criminal activity which is implicit in the concept of rehabilitation. (*Id.* at p. 78, fn. 4.) The *Goulart* defendant unsuccessfully argued that the amount of restitution exceeded the scope of his *Harvey* waiver,[4] that the court was illegally imposing civil liability in a criminal case, and

---

[4] Under *People v. Harvey* (1979) 25 Cal.3d 754, 758, absent a contrary agreement a defendant cannot suffer adverse sentencing consequences based on charges dismissed by plea agreement.

5

that the means by which the court arrived at the amount of restitution was fundamentally unfair.  (*Id*. at pp. 79–84.)  He did not challenge the sufficiency of the evidence showing he had tampered with utility meters since 1982.  (*Id*. at p. 79.)

There was strong evidence of culpability in *Carbajal*, *Lent*, and *Goulart*, but we do not read those cases as requiring more than a preponderance of evidence supporting a reasonable relationship between a restitution order and a defendant's conviction or future criminality.  (*Baumann*, *supra*, 176 Cal.App.3d at p. 80.)  Here defendant was caught attempting to steal from a vehicle within 15 hours after the Danville automobile burglary while in possession of a host of electronic devices, including the victim's cell phone.  Those facts connect defendant to the Danville car burglary sufficiently to supply a reasonable nexus between defendant's conviction and the victim's loss.  The restitution order also promotes rehabilitation by deterring defendant from committing car burglaries and from possessing stolen property.  (*Lent*, *supra*, 15 Cal.3d at p. 486; *Goulart*, *supra*, 224 Cal.App.3d at p. 78, fn. 4.)

The cases defendant cites on this point are distinguishable.  In *People v. Richards* (1976) 17 Cal.3d 614, the California Supreme Court struck a restitution condition for a theft of which the defendant had been acquitted.  The defendant had been charged with two counts of grand theft involving mining claim sales, and the jury found him guilty of one count but not guilty of the second unrelated transaction.  (*Id*. at p. 617.)  In striking the restitution, the *Richards* court explained that the trial court had based the order on an erroneous belief that it could determine civil liability and impose restitution to satisfy that liability.  (*Id*. at pp. 620, 623.)

*Richards* is distinguishable as there was no indication in that case that the restitution served any purpose other than to satisfy a civil debt.  Here, in contrast, the record shows that the condition was imposed "to reform and rehabilitate the [defendant] whose [convictions] constituted [] public offense[s] 'prosecuted in the name of the people

6

of the state of California … .' (Pen. Code, § 684.)" (*Carbajal*, *supra*, 10 Cal.4th at p. 1126, fn. 13.)

The defendant in *People v. Scroggins* (1987) 191 Cal.App.3d 502 was convicted of receiving stolen property from a single burglary, but he was ordered to pay restitution to victims of other burglaries in the same apartment complex. In striking the restitution condition, the *Scroggins* court observed that the trial court had not concluded, nor could it have, that the defendant was responsible for the other burglaries. (*Id*. at p. 506.) Here, defendant was ordered to pay restitution not for unrelated burglaries, but for the same burglary in which the Blackberry in his possession was taken. Further, the trial court found it was more likely than not that defendant was responsible for the Danville car burglary, and that finding is supported by the record.

In *In re Maxwell C.* (1984) 159 Cal.App.3d 263 the court struck a restitution condition requiring a juvenile, who had pleaded guilty to possession of a stolen car stereo, to pay restitution for damage to the stereo and the car. The trial court disbelieved the juvenile, who denied responsibility for the burglary. (*Id*. at p. 265.) The appellate court reversed the restitution order for several reasons, including the absence of evidence to conclude that the minor had committed burglary or vandalism. (*Id*. at p. 266.) Unlike *In re Maxwell C.*, here evidence supports the trial court's inference that defendant was involved in the Danville car burglary and thus responsible for the victim's loss.

In *People v. Holmberg* (2011) 195 Cal.App.4th 1310 the defendant pleaded guilty to possession of stolen property after police recovered from the defendant's home several computers, hard drives, and related equipment stolen in commercial burglaries. As relevant to this case, the *Holmberg* court struck from the $18,072 award the value of two missing Ethernet cables because no evidence supported the prosecutor's argument that whoever brought the stolen computers to defendant's home must have also brought the cables. (*Id*. at p. 1325.) *Holmberg* is inapposite because in that case the challenged restitution was based solely on the defendant's possession of the stolen property and not

7

on the theory that the defendant was actually responsible for the burglaries. (*Id*. at p. 1324.)

In *People v. Rivera* (1989) 212 Cal.App.3d 1153 the defendant pleaded guilty to a burglary in which he was caught stealing tools from one victim's garage. Police found tools in the defendant's possession belonging to a second victim. All tools in the defendant's possession were returned, but defendant was ordered to pay the second victim $1,200 for other tools which were not recovered. (*Id*. at p. 1156.) Although the defendant had admitted to a probation officer "his responsibility in the theft of property" from both victims, the appellate court struck the $1,200 restitution condition because the defendant had not expressly admitted to participating in the theft of the second victim's tools. (*Id*. at p. 1162.) *Rivera* is distinguishable because the prosecutor there was relying solely on the defendant's incomplete admission in a probation report, not circumstantial evidence as shown by the totality of the circumstances, to establish the requisite nexus to the uncharged conduct.

On this unrebutted record the trial court did not abuse its discretion by finding defendant accountable to the victim of the Danville car burglary, and by finding that the restitution related to defendant's conviction and to deterring future criminality.

## C.    DUE PROCESS

Defendant argues that the restitution condition violates due process because the inference that he committed the Danville car burglary lacked an evidentiary basis. Due process requires that a sentencing court not consider evidence which is vague or inaccurate. (*Goulart*, *supra*, 224 Cal.App.3d at p. 83.) Here the trial court's inference was drawn from specific undisputed facts—defendant was in possession of the stolen Blackberry when, within 15 hours of the Danville car burglary in which it was taken, he was observed rummaging through a car in a residential neighborhood. Defendant was provided the opportunity to present evidence rebutting his liability and he chose not to. (*Baumann*, *supra*, 176 Cal.App.3d at pp. 79–80.) No due process violation occurred.

8

## IV.  DISPOSITION

The restitution order is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Elia, J.

*PEOPLE v WHITEMAN*
**H041662**