Filed 1/22/21  P. v. Reyes CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent.<br><br>       v.<br><br>URIEL GIOVANNY REYES,<br><br>    Defendant and Appellant. | B305766<br><br>(Los Angeles County Super. Ct. No. MA077716) |

APPEAL from an order of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,

Senior Assistant Attorney General, Paul M. Roadmarel, Jr., Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

———————————————

Defendant and Appellant Uriel Giovanny Reyes appeals the trial court's postjudgment order requiring him to pay $2,177 in direct victim restitution as a condition of probation.

On December 1, 2019, Los Angeles County Sherriff's deputies pulled Reyes over for driving a stolen vehicle. Reyes immediately told the officers he bought the car from Gabriel Martinez, a mechanic with a reputation for selling stolen vehicles. The car's true owner, Yajaira Chairez-Garcia, gave the car to Martinez for mechanical service, but Martinez never returned the car and instead sold it Reyes.[1]

Reyes pleaded no contest to taking or unlawful driving of a vehicle.[2] (Veh. Code, § 10851, subd. (a) [count 1].) The trial court sentenced him to three years' probation and thirty days of community service, and imposed various fines and fees. In a later proceeding, the trial court ordered direct

---

[1] The facts underlying the conviction are derived from the felony complaint and defense counsel's statements to the trial court regarding the incident at the restitution hearing, which the court accepted as true for purposes of setting victim restitution.

[2] Count 2, driving with a revoked or suspended license, was dismissed by plea agreement.

victim restitution in the amount of $2,177. (Pen. Code, § 1202.4, subd. (f).)

Reyes alleges the restitution order is improper because it is not limited to losses caused by his criminal activity. We affirm the trial court's order.

## PROCEDURAL HISTORY

In her claim for restitution, Chairez-Garcia alleged that her car was filled with Christmas presents and electronics totaling nearly $2,000 when it was stolen, which were now missing. Chairez-Garcia also sought reimbursement for an impound fee of $260 that she paid to retrieve her car.

At the victim restitution hearing, Reyes conceded the impound fee of $260, but challenged the remaining $1,917 for missing items because (1) Martinez stole the vehicle from Chairez-Garcia, (2) Martinez or someone else could have removed the items from the car between the time that elapsed after the vehicle was stolen and before Reyes was apprehended, and (3) Chairez-Garcia's claims for restitution were suspect because she did not report the missing property to the police, but alleged the items had been stolen only later, when she made her claim for restitution.

The trial court, without objection from the prosecution, accepted the facts alleged by Reyes as true, but still imposed restitution in the full amount of $2,177. The court's reasoning was threefold. First, the allegedly stolen items

3

were related to the stolen car.  Second, there is an inherent risk when one chooses to buy a stolen car that the car also contains other stolen property, and Reyes had the opportunity to steal the items from the car while it was in his possession.  Third, "restitution laws are written liberally to make the victim whole."

## DISCUSSION

### Standard of Review

"Restitution has long been considered a valid condition of probation."  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 (*Carbajal*).)  "'The standard of review of a restitution order is abuse of discretion.  "A victim's restitution right is to be broadly and liberally construed."  [Citation.]  "'Where there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.'"  [Citations.]'  [Citation.]"  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

### Causation

Penal Code section 1202.4, subdivision (f) provides, with exceptions not relevant here, "in every case in which a victim has suffered economic loss *as a result* of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of

loss claimed by the victim or victims or any other showing to the court." (Italics added.) Reyes argues the restitution order imposed by the trial court does not satisfy this causation requirement because the criminal conduct for which he was convicted—mere possession of a stolen vehicle—did not result in the loss of Christmas presents and other items contained within the vehicle when it was stolen.

This argument is unpersuasive. "California courts have long interpreted the trial courts' discretion to encompass the ordering of restitution as a condition of probation even when the loss was not necessarily caused by the criminal conduct underlying the conviction." (*Carbajal*, *supra*, 10 Cal.4th at p. 1121.) Indeed, restitution "may exceed the losses for which a defendant has been held culpable," (*id.* at p. 1126), and an order of restitution will not be invalidated unless it ""has no relationship to the crime of which the offender was convicted.'" . . . [Citation.]" (*People v. Anderson* (2010) 50 Cal.4th 19, 32.)

Here, although defendant's taking or unlawful driving of Chairez-Garcia's vehicle may not have caused the goods contained therein to be stolen, the theft is still reasonably related to the crime. As the trial court noted, even assuming that it was Martinez who stole the vehicle, one who purchases a stolen vehicle "assume[s] certain risks." The trial court did not abuse its discretion when it found a sufficiently close relationship between the defendant's criminal conduct and the victim's injury.

Reyes cites *In re Maxwell C.* (1984) 159 Cal.App.3d 263 (*Maxwell C.*), for the proposition that he should not face punishment as a result of conduct for which he was not convicted. There, the court held that the trial court abused its discretion in ordering a juvenile defendant to pay restitution for damage to a stolen car, although the juvenile was convicted of possession of a stolen stereo, and not burglary or vandalism. Reyes argues that this situation is analogous to his—he was only in possession of the stolen car, he was not convicted of stealing, and denies stealing the missing possessions from the car. However, *Maxwell C.* is inapplicable. There, the trial court reasoned that restitution orders that are not limited to the losses actually caused by the conduct for which the person was convicted "are appropriate only where they serve a rehabilitative function." (*Id.* at p. 265.) The *Maxwell C.* court concluded: "With minors as well as adults '[n]o rehabilitative purpose can be served by forcing a person to confront tendencies which differ from those which induced his crime . . . .' [Citation.] The state of mind with which burglary or vandalism are committed is different than that required for receiving stolen property." (*Id.* at p. 266.) In the instant case, Reyes pleaded no contest to taking or unlawful driving of a vehicle. It is a theft crime that requires "intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle." (Veh. Code, § 10851, subd. (a).) Theft of the items inside the car would involve the same mental state.

6

Reyes also cites *People v. Scroggins* (1987) 191 Cal.App.3d 502 (*Scroggins*), to argue that the theft of Chairez-Garcia's personal property was not sufficiently related to Reyes's crime. But *Scroggins* is distinguishable as well. There, the defendant was ordered to pay restitution for losses caused by four separate burglaries after admitting to receiving stolen property taken in one of the burglaries. Reyes is not paying restitution for the loss of property resulting from several unique crimes, including crimes in which he was not involved. Rather, Chairez-Garcia lost her property as a natural consequence flowing from a single crime in which Reyes was directly involved. The relationship between crime and the loss is much closer here.

The trial court did not abuse its discretion in finding a relationship between the theft of Chairez-Garcia's property and Reyes's crime.

## Amount of Restitution

"[T]he court's discretion in setting the amount of restitution is broad, and it may use any rational method of fixing the amount of restitution as long as it is reasonably calculated to make the victim whole." (*People v. Baker* (2005) 126 Cal.App.4th 463, 470.) Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim. (*People v. Fulton* (2003) 109 Cal.App.4th 876, 886.)

The trial court, as prima facie evidence of loss, may accept a property owner's statement made in the probation report about the value of stolen or damaged property. (*People v. Foster* (1993) 14 Cal.App.4th 939, 946, superseded by statute on other grounds as stated in *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543.)

Here, the court reasonably calculated Chairez-Garcia's losses to include the $260 she paid to retrieve her car from impound and the $1,917 she lost in personal property, totaling $2,177 in restitution. Reyes conceded the impound fee and presented no evidence to rebut the loss of personal property. The trial court did not abuse its discretion in crediting Chairez-Garcia's unrebutted report of her losses.

## DISPOSITION

The trial court's restitution order is affirmed.


MOOR, J.


We concur:


BAKER, Acting P. J.                    KIM, J.

8