Filed 10/26/20  P. v. Quiroga CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GONZALO QUIROGA,<br><br>    Defendant and Appellant. | F077916<br><br>(Super. Ct. No. BF171595A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Jacquelyn Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein, Kathleen A. McKenna, Darren K. Indermill and F. Matt Chen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Defendant Gonzalo Quiroga was arrested after an undercover detective observed him getting into and driving away in a van reported stolen a week earlier. Defendant was charged with one count of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 1), one count of receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 2),[1] one misdemeanor count of possession of burglary tools (§ 466; count 3), two misdemeanor counts of driving on a suspended license (Veh. Code, §§ 14601.2, subd. (a), 14601.1, subd. (a); counts 4 & 5), and one misdemeanor count of driving without a valid license (Veh. Code, § 12500, subd. (a); count 6). Defendant pled no contest to counts 4 through 6, and a jury convicted him in count 1 of taking a vehicle and in count 3 of possessing burglary tools.[2] In a bifurcated proceeding, the trial court found that defendant suffered one prior serious or violent felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and served two prior prison terms (§ 667.5, former subd. (b)).

The trial court sentenced defendant on count 1 to the middle term of two years, doubled to four under the Three Strikes law, plus an additional two years for the two prior prison term enhancements, for a total determinate term of six years in prison. On counts 3 and 4, the court sentenced defendant to concurrent terms of 180 days in jail; and on counts 5 and 6, the court imposed concurrent terms of 180 days in jail, stayed under section 654. Relevant to defendant's claims, the trial court imposed a restitution fine of $300 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $300 under section 1202.45, subdivision (a), stayed; a total court operations assessment of $200 under section 1465.8; and a total court facilities assessment of $150 under

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    The jury did not return a verdict on count 2, consistent with its determination that defendant took the vehicle. (*People v. Bullard* (2020) 9 Cal.5th 94, 102–103; *People v. Ceja* (2010) 49 Cal.4th 1, 4–5.)

Government Code section 70373. Pursuant to section 1202.4, subdivision (f), the court ordered restitution in the amount of $2,763 to the victim for tools stolen from the van.

Defendant claims that the trial court abused its discretion by ordering restitution in the absence of sufficient evidence that he was responsible for the victim's loss. He also claims that pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the court erred in imposing fines and assessments without determining his ability to pay. In supplemental briefing, defendant requests that we strike the two 1-year prior prison term enhancements in accordance with Senate Bill No. 136, which amended section 667.5, subdivision (b), effective January 1, 2020. (Stats. 2019, ch. 590, § 1, pp. 1–4 (Senate Bill No. 136).)

The People concede that the prior prison term enhancements must be stricken under Senate Bill No. 136, but they otherwise dispute defendant's entitlement to any relief.

We agree with the parties that defendant is entitled to relief from the prior prison term enhancements under Senate Bill No. 136. Therefore, we strike the two 1-year prior prison term enhancements imposed by the trial court and remand the matter under the full resentencing rule, which renders defendant's claim of error under *Dueñas* moot. (*People v. Buycks* (2018) 5 Cal.5th 857, 893, 896, fn. 15; *People v. Lopez* (2019) 42 Cal.App.5th 337, 342.) We otherwise affirm the judgment.

### FACTUAL SUMMARY

In February 2018, Adolph G. parked his 2014 Ford "[S]uper [D]uty" van, which he used for his work as a general contractor, in front of his house in Selma. The next morning, the van was missing and Adolph's wife reported the theft to the Selma Police Department. One week later, Detective Coleman, who was assigned to the Bakersfield Police Department's Auto Theft Task Force, located the unoccupied van parked on a residential street in Kern County and placed it under surveillance. Approximately one hour later, defendant and another man entered the van, and defendant drove away.

3.

Coleman followed them and after defendant parked on another residential street to let his passenger out, Coleman detained defendant and arrested him.

Defendant told Coleman he pulled over because he knew he was being followed. He had three shaved keys in his pocket but said he found them in the van. Defendant also said he borrowed the van from a friend before asking, "'Is it about the van?'" After Coleman responded yes, defendant said he knew the van was stolen because the ignition was so messed up he could start it with his finger. Defendant then asked if Coleman would let him go if he gave up his friend, but he declined to discuss his friend further after Coleman would not make any guarantees.

Adolph testified that he did not know defendant and did not give him permission to drive the van. Adolph purchased the van in 2017 for $29,000 and he estimated it was worth $25,000 at the time it was stolen. When the van was recovered, the driver's side door lock was damaged, the ignition was hollowed out, and the steering column was damaged. Further, Adolph stated that the ladder rack, mirrors and radio were missing; the dashboard was beat up; a tire was damaged; and the side of the van was scratched up.

DISCUSSION

## I.     Restitution Order

### A.     Background

Subject to exceptions not relevant here, section 1202.4, subdivision (f), provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.…" Restitution "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to … [¶] … [f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement

4.

cost of like property, or the actual cost of repairing the property when repair is possible." (*Id.*, subd. (f)(3)(A).) In this case, the trial court ordered defendant to pay restitution in the amount of $2,763 for tools that were stolen from Adolph's van.

Relying on *People v. Scroggins* (1987) 191 Cal.App.3d 502, defendant claims that the trial court's restitution order was erroneous because "there was insufficient evidence that [defendant] had any knowledge of or was the legal cause of the missing tools." Defendant also claims that the court "appeared to improperly order the restitution … to compensate for the damage to the stolen van .…" The People disagree. For the reasons set forth below, we reject defendant's claim and affirm the trial court's restitution order.

## B. Standard of Review

"[W]e review the trial court's restitution order for abuse of discretion. [Citations.] The abuse of discretion standard is 'deferential,' but it 'is not empty.' [Citation.] '[I]t asks in substance whether the ruling in question "falls outside the bounds of reason" under the applicable law and the relevant facts [citations].'" (*People v. Giordano* (2007) 42 Cal.4th 644, 663, fn. omitted; accord, *People v. Grundfor* (2019) 39 Cal.App.5th 22, 27.) "[W]e presume that a judgment or order of the trial court is correct, '"[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."'" (*People v. Giordano*, *supra*, at p. 666; accord, *People v. Grundfor*, *supra*, at p. 27.)

## C. Analysis

### 1. Theft Conviction on Count 1

The linchpin in defendant's claim that there is insufficient evidence linking him to the stolen tools is his contention that the jury convicted him of posttheft driving rather than theft of the van. This assertion does not find support in the record, however. Defendant was charged with driving *or* taking the van and the jury was instructed as such, but it returned a verdict specifically convicting defendant "of stealing a motor vehicle." Moreover, the jury was instructed that they must consider count 1 first and if

5.

they convicted defendant of vehicle theft, they must return the verdict form unsigned for count 2, receiving a stolen vehicle. Consistent with their finding that defendant stole the vehicle, the jury did not return a verdict on count 2.[3]

Defendant does not advance a claim that his conviction is unsupported by substantial evidence or raise any other claim pertaining to trial error.[4] We acknowledge the evidence of posttheft driving is stronger than the evidence of theft, but it is well established that "[w]hile the mere possession of stolen property is not alone sufficient to sustain a conviction of grand theft [citation], such possession plus 'slight corroborative evidence of other inculpatory circumstances' will suffice." (*People v. Wissenfeld* (1951) 36 Cal.2d 758, 763; accord, *People v. Anderson* (2007) 152 Cal.App.4th 919, 948–949; *People v. Clifton* (1985) 171 Cal.App.3d 195, 199–200; *People v. Miles* (1969) 272 Cal.App.2d 212, 218.) Here, defendant was in possession of the stolen vehicle, he admitted he knew it was stolen, he had shaved keys in his pocket, he claimed he borrowed it from a friend he declined to identify and he stated he knew how to start the vehicle with just his finger, which evidenced his familiarity with the means by which the van was stolen. The fact that the vehicle was stolen a week earlier in a different city is not dispositive of the matter, but, in any event, the verdict form returned by the jury specified theft and, consistent with a finding of theft, the jury did not return a verdict for receiving stolen property. (*People v. Wissenfeld*, *supra*, at p. 764 [evidence sufficient to

---

[3] Under the law, defendant could have been convicted of both posttheft driving in count 1 and receiving stolen property in count 2, but in light of "the common law rule forbidding dual convictions for both stealing and receiving the same property[,]" it would have been improper to convict him of both taking the vehicle and receiving the stolen vehicle. (*People v. Bullard*, *supra*, 9 Cal.5th at pp. 102–103; accord, *People v. Ceja*, *supra*, 49 Cal.4th at pp. 4–5.)

[4] "'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]'" (*People v. Stanley* (1995) 10 Cal.4th 764, 793; accord, *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363–364.)

support theft conviction where the defendant was in possession of a vehicle stolen 25 days earlier].)

### 2. No Error

Our rejection of defendant's argument that he was convicted of posttheft driving is fatal to his claim that there is insufficient evidence linking him to the theft of the tools from the van and his reliance on *People v. Scroggins* is of no assistance. (*People v. Scroggins*, *supra*, 191 Cal.App.3d at p. 506 [concluding restitution order based on burglary losses had no relationship to conviction for receiving stolen property].) "'[T]he court's discretion in setting the amount of restitution is broad, and it may use any rational method of fixing the amount of restitution as long as it is reasonably calculated to make the victim whole. [Citations.]'" (*People v. Millard* (2009) 175 Cal.App.4th 7, 26, quoting *People v. Baker* (2005) 126 Cal.App.4th 463, 470.) The victim was a general contractor who used his van exclusively for work and he submitted evidence supporting his claimed loss for tools that were stolen from the van. Under these circumstances, the trial court did not abuse its discretion in ordering restitution in the amount of $2,763 and we reject defendant's claim to the contrary.[5] (*People v. Millard*, *supra*, at p. 26; accord, *People v. Baker*, *supra*, at p. 470.)

---

[5] Defendant also argues, "[N]either the trial court nor the prosecutor appeared to believe that it was established by a preponderance of the evidence that [defendant's] conduct resulted in the tools being stolen[,]" but they "appeared to maintain that some restitution was necessary based on the damage to the van." We need not decide whether this is a persuasive characterization of the record, because even if we accept it for the sake of argument, "'"a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion." [Citation.]'" (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) Here, defendant was convicted of vehicle theft, the parties do not dispute either the fact that tools were stolen from the van or the amount claimed by the victim, and the restitution order was limited to the amount sought by the victim for his missing tools. (*People v. Millard*, *supra*, 175 Cal.App.4th at p. 26; accord, *People v. Baker*, *supra*, 126 Cal.App.4th at p. 470.)

## II.  *Dueñas* Claim

As previously stated, the trial court imposed a restitution fine of $300 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $300 under section 1202.45, subdivision (a), stayed; a total court operations assessment of $200 under section 1465.8; and a total court facilities assessment of $150 under Government Code section 70373.  Relying on the Court of Appeal's decision in *Dueñas*, defendant claims he is entitled to relief from the fines and assessments imposed by the trial court until and unless the People prove he has the ability to pay them.

Citing due process and equal protection principles, the court held in *Dueñas* that assessments pursuant to Government Code section 70373 and Penal Code section 1465.8 may be "imposed only on those with the means to pay them[]" (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1168–1169), and "that although the trial court is required by Penal Code section 1202.4 to impose a restitution fine, the court must stay the execution of the fine until and unless the People demonstrate that the defendant has the ability to pay the fine[]" (*id.* at p. 1172).  Courts of Appeal have subsequently split regarding if and under what circumstances the constitutional concerns underpinning *Dueñas* apply.  (E.g., *People v. Son* (2020) 49 Cal.App.5th 565, 592–596 & fn. 20 [restitution fines are punitive and imposition without ability-to-pay hearing does not implicate right of access to courts or violate substantive due process or equal protection rights, but limited remand appropriate to allow the defendant an opportunity to show inability to pay court assessments and to raise 8th Amend. excessive fines clause argument regarding restitution fine];[6] *People v. Cowan* (2020) 47 Cal.App.5th 32, 42–49, review granted

---

[6]  The analysis of the defendant's *Dueñas*-based challenge to the imposition of the fines and court assessments was authored by Justice Smith.  (*Son, supra*, 49 Cal.App.5th at pp. 592–598.)  While Justice Snauffer concurred in the disposition, he did not join in or express an opinion on whether, in all cases, restitution fines are punitive in nature and not subject to an ability-to-pay challenge.  (*Id.* at pp. 598–599 (conc. opn. of Snauffer, J.).)  Justice Franson dissented on the grounds that the defendant's constitutional rights were not violated and any error was harmless. (*Id.* at p. 599 (dis. opn. of Franson, J.).)

June 17, 2020, S261952 [concluding challenge to fines and fees should be analyzed under excessive fines clause of federal and state Constitutions, under which ability to pay is a factor, and remanding matter for ability-to-pay hearing]; *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1053–1061 [finding *Dueñas* claim forfeited as to restitution fine, assessments and fees where court imposed restitution fine above the statutory minimum, but also concluding *Dueñas* factually distinguishable; the defendants failed to show a violation under due process, equal protection or excessive fines clause; and any error harmless given ability to earn wages in prison]; *People v. Belloso* (2019) 42 Cal.App.5th 647, 662–663, review granted Mar. 11, 2020, S259755 [following *Dueñas*]; *People v. Allen* (2019) 41 Cal.App.5th 312, 325–330 [rejecting the defendant's *Dueñas*-based due process and equal protection claims]; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326–329, review granted Nov. 26, 2019, S258946 [rejecting *Dueñas*'s due process analysis]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061 [disagreeing with *Dueñas*'s due process analysis and concluding constitutional challenge to fines, fees and assessments should be made under the 8th Amend.'s excessive fines clause]; *People v. Kopp* (2019) 38 Cal.App.5th 47, 95–96, review granted Nov. 13, 2019, S257844 [following *Dueñas* as to assessments, but not restitution fines] (*Kopp*); *People v. Castellano* (2019) 33 Cal.App.5th 485, 489–490 [extending *Dueñas* holding to claim raised by a defendant serving a sentence following felony conviction].)

The California Supreme Court is now poised to address issues raised by *Dueñas*, having granted review in *Kopp*, a case in which the Court of Appeal found that as to assessments, the defendants were entitled to remand for an ability-to-pay hearing under *Dueñas*, but they bore the burden of demonstrating their inability to pay. (*Kopp*, *supra*, 38 Cal.App.5th at p. 96, review granted.) With respect to fines, the *Kopp* court declined to follow *Dueñas*'s due process approach and concluded that a constitutional challenge to a punitive fine must be raised under the excessive fines clause of the Eighth Amendment of the federal Constitution and article I, section 7 of the California Constitution. (*Kopp*,

9.

*supra*, at pp. 96–98, review granted.)  The California Supreme Court limited review in *Kopp* to whether courts must consider a defendant's ability to pay in imposing fines, fees and assessments; and, if so, which party bears the burden of proof.  The court has deferred briefing in *Cowan*, *Belloso* and *Hicks* pending its decision in *Kopp*.

In this case, we need not reach the merits of defendant's *Dueñas* claim.  Our resolution of defendant's claim for relief under Senate Bill No. 136, discussed next, requires remand under the full resentencing rule and therefore, defendant may, if he so chooses, raise this issue in the trial court in the first instance.

## III.    Senate Bill No. 136

Finally, as previously set forth, the trial court imposed two 1-year prior prison term enhancements.  (§ 667.5, former subd. (b).)  In supplemental briefing, defendant requests that the enhancements be stricken in light of Senate Bill No. 136, which amended section 667.5, subdivision (b), effective January 1, 2020.  The People concede defendant is entitled to the relief he seeks.

Pursuant to section 667.5, subdivision (a), and subject to an exception not relevant here, trial courts are required to impose a three-year sentence for each prior, separate prison term served by the defendant for a violent felony where the current offense is also a violent felony, as defined in subdivision (c) of the statute.  For other felonies, pursuant to former subdivision (b), and subject to exceptions not relevant here, trial courts are required to impose an additional one-year term for each prior, separate prison term or county jail felony term.  As amended by Senate Bill No. 136, subdivision (b) of section 667.5 limits imposition of the additional one-year term to each prior, separate prison term served for a conviction of a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

In accordance with the California Supreme Court's decision in *In re Estrada* (1965) 63 Cal.2d 740, 744, "'"[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's

10.

effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent" [citations].'"  (*People v. Lara* (2019) 6 Cal.5th 1128, 1134, quoting *People v. DeHoyos* (2018) 4 Cal.5th 594, 600; accord, *People v. Frahs* (2020) 9 Cal.5th 618, 634 (["[I]n order to rebut *Estrada*'s inference of retroactivity concerning ameliorative statutes, the Legislature must 'demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.'"].)  The parties agree that Senate Bill No. 136 is retroactive under *Estrada* and, therefore, the amendment to section 667.5, subdivision (b), applies in this case.

The parties also agree that defendant's prior felony convictions for assault with a deadly weapon or instrument other than a firearm under section 245, subdivision (a)(1), and for receiving a stolen vehicle under section 496d, subdivision (a), are not qualifying offenses under section 667.5, subdivision (b), as amended.  We accept the People's concessions on aforementioned points and order the two 1-year prior prison term enhancements stricken.

The trial court imposed the middle term of two years on count 1 for violation of Vehicle Code section 10851, subdivision (a).  Because the court exercised discretion in selecting the middle term, remand for resentencing is appropriate.  (*People v. Buycks*, *supra*, 5 Cal.5th at pp. 893, 896, fn. 15; *People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

## DISPOSITION

Pursuant to Senate Bill No. 136, the two 1-year prior prison term enhancements imposed under section 667.5, former subdivision (b), are stricken and this matter is remanded for resentencing.  Following resentencing, the trial court shall forward the

11.

amended abstract of judgment to the appropriate authorities.  Except as modified, the judgment is affirmed.


MEEHAN, J.

WE CONCUR:


HILL, P.J.


SMITH, J.