Filed 12/13/22 P. v. Ramirez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OSCAR RAMIREZ,<br><br>    Defendant and Appellant. | B315047<br><br>(Los Angeles County<br>Super. Ct. No. PA095073 |

APPEAL from an order of the Superior Court of Los Angeles County, David Walgren, Judge.  Vacated in part, affirmed in part with modifications.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

**INTRODUCTION**

Defendant Oscar Ramirez pled no contest to receiving a stolen vehicle. (Pen. Code, § 496d.[1]) At a restitution hearing, the owner of the vehicle testified that two toolboxes had been removed from his truck between the time it was stolen and when it was returned. The trial court ordered Ramirez to pay the victim $400 in restitution as the value of the toolboxes.

Ramirez appeals, asserting that there is no evidence connecting him to the theft of the toolboxes, as opposed to simply possessing the stolen vehicle. We agree, and therefore strike the restitution order from the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The People filed a complaint charging Ramirez with five felonies: one count of receiving a stolen vehicle (§ 496d, count 1); and four counts relating to stolen U.S. Treasury checks (§§ 496, subd. (a), 475, subd. (a), counts 2 through 5). The complaint alleged the crimes occurred on or about May 25, 2020.

Ramirez pled no contest to counts 1 and 2. Ramirez agreed to pay restitution on all counts, and agreed that the value of the property in each count exceeded $950. The court sentenced Ramirez to 16 months in county jail and ordered him to make restitution to the victims of his crimes in an amount to be set at a hearing. Ramirez waived his appearance at the restitution hearing.

At the restitution hearing, victim Jesus D.[2] testified that he discovered his pickup truck was missing on May 5, 2020. In the

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.
[2]    We omit Jesus's last name to protect his privacy interests. (See Cal. Rules of Court, rule 8.90(b)(4).)

pickup truck were two toolboxes that Jesus used for his work as a carpenter. When the truck was returned to Jesus, the toolboxes were not in it. Jesus testified that the value of the stolen toolboxes was between $350 and $450. Jesus paid between $700 and $900 to have new toolboxes installed to replace the stolen ones. No additional evidence was presented at the restitution hearing.

Defense counsel argued that the truck was stolen around May 5, 2020, but Ramirez was not found to be in possession of the truck until May 25, 2020. Defense counsel asserted there was not a "sufficient legal nexus between" the crime for which Ramirez pled no contest—receiving the stolen vehicle—and "this victim's losses for the two boxes."

The court disagreed, stating, "I do think there is a sufficient nexus. I think it is very analogous to damage to the truck. It was damaged. Things were missing that used to be there." The court ordered Ramirez to pay $400 in legal restitution.

Ramirez timely appealed.

## DISCUSSION

Ramirez asserts the trial court erred in ordering him to pay restitution for the missing toolboxes because Ramirez "was convicted of receiving a stolen truck, not taking and driving the truck or stealing any of its contents."[3] The Attorney General asserts that the trial court was within its discretion to order restitution based on the evidence. We agree with Ramirez that

---

[3] Ramirez asserts that the toolboxes "were taken from a stolen truck that [Ramirez] later received." In fact, there is no evidence suggesting whether the toolboxes were removed before or after Ramirez came to possess the truck.

3

the People failed to meet their burden to show that Ramirez caused Jesus's losses.

The California Constitution expresses "the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) "Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art. I, § 28, subd. (b)(13)(B).)

"Section 1202.4 implements this constitutional mandate." (*People v. Foalima* (2015) 239 Cal.App.4th 1376, 1395 (*Foalima*).) That section states, in part, that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . ." (§ 1202.4, subd. (f).) "To the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, [f]ull or partial payment for the value of stolen or damaged property." (§ 1202.4, subd. (f)(3)(A).)

"The standard of proof at a restitution hearing is preponderance of the evidence." (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319 (*Holmberg*).) "Generally speaking, restitution awards are vested in the trial court's discretion and will be disturbed on appeal only when the appellant has shown an abuse of discretion." (*Id*., at p. 1320.)

4

Ramirez asserts that the People failed to prove that Jesus's losses were "the result of [Ramirez's] criminal conduct." (§ 1202.4, subd. (f)(3)(A).) California courts use the "substantial factor" test for analyzing proximate cause under section 1202.4. (See *Foalima, supra*, 239 Cal.App.4th at p. 1396.) "'Under that standard, a cause in fact is something that is a substantial factor in bringing about the injury.'" (*Ibid*.) "[T]here can be more than one cause of injury and . . . multiple causes can combine to cause harm." (*Holmberg, supra*, 195 Cal.App.4th at p. 1322.)

Here, the evidence showed that the toolboxes were removed sometime between when Jesus's truck left his possession on May 5 and when it was returned to him. Ramirez was convicted of receiving the stolen truck, but no evidence was presented as to whether the toolboxes were on the truck when Ramirez received it.

Ramirez compares this case to *People v. Scroggins* (1987) 191 Cal.App.3d 502 (*Scroggins*), in which four apartments were burglarized. Scroggins was found with some of the stolen items and was arrested. He was convicted of receiving stolen property, and the property in his possession was returned to the owners. The trial court ordered Scroggins to pay restitution to the owners of the property that was not recovered.

The Court of Appeal reversed. It stated, "Scroggins was never charged with or found to be criminally responsible for the burglaries. He was charged and convicted of receiving stolen property, and those items of property were recovered by the police and presumably returned to the rightful owners. Nevertheless, the trial court ordered Scroggins to pay restitution to burglary victims, whose losses were not connected to Scroggins' crime. The court did not conclude—nor from this record could it

5

have—that Scroggins was responsible for these other losses that it ordered paid." (*Scroggins, supra*, 191 Cal.App.3d at p. 506.) The court continued, "In short, the instant restitution order has no relationship to the crime for which Scroggins was convicted . . . ." (*Ibid*.)

Ramirez also cites *People v. Rivera* (1989) 212 Cal.App.3d 1153, in which Rivera was convicted of receiving stolen property and was ordered to pay restitution for stolen tools that were never recovered. The Court of Appeal stated, "Here, as in *Scroggins*, there was no showing Rivera was responsible for the losses suffered by the burglary victim (Swett); that property which was the subject of the stolen property conviction was returned to her and does not represent a loss suffered by her." (*Id*. at p. 1162.)

The Attorney General, on the other hand, contends this case is more like *Holmberg, supra*, 195 Cal.App.4th 1310, in which three businesses were burglarized; the stolen items included computers, USB backup drives, cables, a card scanner, credit cards, and cash. (195 Cal.App.4th at p. 1314.) Holmberg was discovered using one of the credit cards and a computer; a search of his home revealed more of the stolen equipment. He was convicted by plea of concealing stolen property and using a stolen credit card. (*Id*. at p. 1314.) At the restitution hearing, one business, Stonecrest, presented evidence that its operations were impacted by the loss of the equipment. The court ordered Holmberg to pay $18,072 in restitution, and Holmberg appealed. (*Id*. at p. 1318.)

Holmberg argued that "his conduct was not a substantial factor in causing the victims' losses because their losses were due to the burglary or theft and would have occurred without his

6

conduct.  He attack[ed] the entire restitution award and specifically challenge[d] the $10,000 awarded to Stonecrest for one week's loss of use." (*Holmberg, supra*, 195 Cal.App.4th at p. 1318.)  The Court of Appeal rejected this argument, noting that although the burglary caused the victims' initial loss, Holmberg contributed to the businesses' continued operational loss attributable to loss of use of their property.  The court stated that Holmberg's "conduct was a concurrent cause of the victims' losses and a substantial factor in depriving them of the use of their property.  There was evidence that [Holmberg] received the stolen property on the day it was stolen. . . . [Holmberg] admitted he knew the property was stolen when he possessed it. . . . . [N]othing prevented [Holmberg] from turning over the known stolen items to the police.  For these reasons, we conclude that [Holmberg's] concealing of the stolen property was a concurrent cause in depriving the victims of the use of their property.  It is significant that [Holmberg] obtained the property the day it was stolen.  Had he contacted law enforcement about the items when he received them, Stonecrest would not have had to replace them or incur a one week loss of business and productivity." (*Id*. at p. 1322.)

The Attorney General asserts that, as in *Holmberg*, just because Ramirez was "convicted of receiving stolen property does not absolve him of contributing, even if only in a minor way, to [Jesus's] loss of his toolboxes."  This argument would be persuasive if evidence had been presented that the mere deprivation of the vehicle caused Jesus to suffer a loss, as the deprivation of the computer equipment caused losses in *Holmberg*.  Here, however, no such evidence was presented.  Instead, the *only* loss alleged was the loss of the toolboxes, and

7

the People presented no evidence connecting Ramirez with that loss.  Thus, the case is more like *Scroggins* and *Rivera,* in which the evidence showed the property had been stolen, but no evidence connected defendants to the stolen property.

Because there was no evidence connecting Ramirez to Jesus's financial loss, the trial court abused its discretion by ordering Ramirez to pay restitution for the missing toolboxes.

## DISPOSITION

The order directing Ramirez to pay $400 as victim restitution is vacated, and the judgment is affirmed as modified.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


COLLINS, J.


We concur:



MANELLA, P. J.



STONE, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.