Filed 11/21/24  P. v. Rivera CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not
certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been
certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>SEVION MICHAEL RIVERA,<br><br>         Defendant and Appellant. | A169694<br><br>(Humboldt County<br>Super. Ct. No. CR2202614) |

Defendant Sevion Michael Rivera pled guilty to receiving stolen property (Pen. Code, § 496, subd. (a))[1] and was ordered to pay $7,852.90 in victim restitution.  Defendant appeals from the restitution order.  He argues, and the Attorney General agrees, that there is an insufficient evidentiary basis for the restitution award.  We accept the Attorney General's concession, and we therefore reverse the restitution order and remand the matter for further proceedings.

---

[1] Further undesignated statutory references are to the Penal Code.

1

# BACKGROUND

**The Facts**

According to the probation report, on May 19, 2022, Davis D.,[2] the victim in this case and defendant's former friend, reported to the police that someone had broken into his apartment while he was out of town. Davis reported that the following were missing: several firearms (a Smith and Wesson model 60, a .38 special revolver, a Stoeger Arms shotgun, a Henry Repeating Arms AR-7 .22 rifle, and an AMT Backup semiautomatic .38 pistol), one box of miscellaneous ammunition, and "other items." Davis's girlfriend also reported that her laptop and gaming console were taken from Davis's apartment.

Davis told police that he believed defendant was the culprit based on their previous interactions. Defendant and Davis recently had a falling out after defendant visited Davis's apartment and apparently became upset when he noticed a pair of his AirPods were missing. Defendant threatened to break into Davis's apartment and steal some of his belongings.

Later on May 19, Davis reported to police that defendant had contacted their mutual friend and that defendant may have given her some of Davis's stolen property. A police officer contacted the mutual friend, who reported defendant had asked her to temporarily hold onto some of his belongings because he had been kicked out of his residence. She agreed to do so, and defendant dropped off the items in two large trash bags. When Davis informed his friend that the trash bags may possibly contain stolen firearms, she turned over the trash bags to the police.

Inside the trash bags were a black Paradigm sub-woofer speaker; a pair

---

[2] We omit Davis's last name to protect his privacy interests. (See Cal. Rules of Court, rule 8.90(b)(4).)

of AKG N90Q headphones; a case of Norske drill bits; a Sony stereo; two Dewalt cordless drills; a silver Pro laptop; an Adidas bag; a Krome gun cleaning supply case; a DoorDash carry bag; a white Sony PlayStation 5 controller; a black Logitech computer keyboard; one pair of blue jeans; one Fanatec F1 gaming steering wheel; and an empty FN Five Seven pistol case.

**The Proceedings Below**

On September 19, 2022, the Humboldt County District Attorney filed a felony complaint charging defendant with first degree burglary (§§ 459, 460, subd. (a)) (count 1) and receiving stolen property with a value exceeding $950 (§ 496, subd. (a)) (count 2).

On March 16, 2023, defendant pled guilty to count 2 in exchange for the dismissal of count 1. On April 25, the trial court placed defendant on two years' probation and reserved the issue of victim restitution.

On May 30, the People filed a motion for an order awarding Davis $7,852.90 in victim restitution. Attached as "Exhibit A" to the motion were screenshots of various items listed on retail websites. These items were a set of used Klipsch speakers ($239.99); a 65-inch QLED TV ($3,999.99); a Yamaha receiver ($399.95); a Panasonic LCD display ($1,307.99); a Logitech wireless keyboard and mouse set ($54.99); a Gamerstation gaming console ($1,550); a "Pre-Built Entry Level Gaming PC" ($950); a "Dell Latitude 10-Key Work/School Laptop" ($375 to $400); a Ryzen 5 gaming console ($650); and a Henry AR-7 semiautomatic rifle ($299.99). The total cost of these items is $9,827.90 with the lower value of the laptop, or $9,852.90 with the higher value of the laptop.

On January 18, 2024, the trial court held a restitution hearing. The parties relied on the submitted documents and oral argument; neither presented any new evidence or testimony, including from Davis, who

3

apparently was present at the hearing.[3]

Citing *People v. Holmberg* (2011) 195 Cal.App.4th 1310 and *People v. Scroggins* (1987) 191 Cal.App.3d 502, defense counsel argued "there has to be a connection between the victim's loss and the defendant's crime," and here, there was no evidence that defendant possessed the items claimed in Exhibit A to the People's restitution motion.

The prosecutor responded, "There most certainly is a connection to the defendant and the items that the People have addressed in their motion." The prosecutor reasoned that defendant threatened to burglarize Davis's apartment "because there was some thought that maybe the victim had taken his Airpods," and "[l]ow [sic] and behold, the victim's apartment does shortly thereafter get burglarized." The prosecutor went on, "The defendant did plead guilty to being in receipt of stolen property. That property was the victim's property in this case." The prosecutor then explained that although some items were returned to the victim, others were not, and that "[t]he items that the People have addressed in our motion here were the items that were not returned to the victim."

Following that argument, the trial court granted the People's motion and ordered the $7,852.90 sought in victim restitution. The court stated, "[Defendant] pled guilty to possession of stolen property, specifically, that property belonging to the individual who provided the information that the District Attorney filed . . . [T]he named victim in the matter isn't requesting

---

[3] The hearing transcript states that the "victim" was present but does not identify who it was. It may be inferred that Davis was present, based on the fact that the restitution motion was brought in his name, the parties referred to only one victim throughout the hearing, and the parties mentioned the "victim's" apartment that was burglarized, clearly referring to Davis's apartment.

restitution for any items that had been returned, just for the items that were not returned.

On January 19, defendant filed a notice of appeal.[4]

## DISCUSSION

### The Law and the Standard of Review

"Restitution is constitutionally and statutorily mandated in California. ([Citation]; Cal. Const., art. I, § 28, subd. (b).)  The constitutional mandate for restitution is carried out through Penal Code section 1202.4 . . . ."  (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045, fn. omitted.)  Section 1202.4, subdivision (f) states, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."  (§ 1202.4, subd. (f).)  Restitution "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred *as the result of the defendant's criminal conduct* . . . .  (§ 1202.4, subd. (f)(3), italics added.)  Courts have interpreted section 1202.4, subdivision (f) to require a causal connection between the defendant's criminal conduct of which he or she was convicted and the victim's loss.  (See *People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321; *People v. Jones* (2010) 187 Cal.App.4th 418, 424–427.)  Recoverable economic losses include the full or partial value of stolen property.  (§ 1202.4, subd. (f)(3)(A).)  And "[t]he value of stolen . . . property shall be the

---

[4] The trial court did not issue a written restitution order until January 31.  Defendant requested that we treat his notice of appeal as having been filed immediately after issuance of the January 31 restitution order (Cal. Rules of Court, rule 8.308(c)), which request we granted.

replacement cost of like property . . . ." (*Ibid.*)

A defendant is entitled to a hearing to "dispute the determination of the amount of restitution." (§ 1202.4, subd. (f)(1).)  At a restitution hearing, the victim bears the initial burden of establishing the loss (*People v. Giordano* (2007) 42 Cal.4th 644, 664) by a preponderance of the evidence (*People v. Holmberg, supra,* 195 Cal.App.4th at p. 1319).  " 'At a victim restitution hearing, a prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss.  [Citations.]  "Once the victim has [i.e., the People have] made a prima facie showing of his or her loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." ' " (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172 (*Chappelone*).)

"A restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall." (*Chappelone, supra,* 183 Cal.App.4th at p. 1172.)  But "[t]here is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121; *Chappelone,* at p. 1172.)  The court need only use a rational method that is reasonably calculated to make the victim whole.  (*Chappelone,* at p. 1172.)

On appeal, we review a restitution award for abuse of discretion. (*Chappelone, supra,* 183 Cal.App.4th at p. 1172.)  The amount of the award must also be supported by substantial evidence.  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)  " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " (*People v. Mearns* (2002) 97 Cal.App.4th 493,

6

499.)

### The Trial Court Abused Its Discretion in Ordering Victim Restitution in the Amount of $7,852.90

Defendant argues the trial court abused its discretion when it awarded Davis $7,852.90 in restitution because the People did not present sufficient evidence to support that award. The Attorney General agrees, as do we.

Defendant pled guilty to receiving stolen property, namely the items in the trash bags that he had entrusted to his and Davis's mutual friend and were eventually turned over to the police. In the restitution motion and at the hearing, the prosecutor represented that the items set forth in Exhibit A to their motion: (a) were the same items that were contained in the trash bags recovered by the police; (b) belonged to Davis; and (c) were never returned to Davis. Thus, the prosecutor argued that Davis was entitled to recover the value of the items set forth in Exhibit A. However, as the Attorney General acknowledges, the People presented insufficient evidence to support their representations.

For one, there were several items in Exhibit A that were never reported as stolen, much less found in the trash bags in defendant's possession and later recovered by police. Those items included, for example, a flat screen television, a Yamaha receiver, a Panasonic flat screen LCD monitor, and three gaming computers. Moreover, although other items in Exhibit A appear to be similar to the stolen items in the trash bags—for example, subwoofer speakers, a Logitech keyboard, and a laptop—the People did not present evidence demonstrating that those items belonged to Davis, and, assuming that they did belong to him, that they were *not* returned to him.[5]

---

[5] Regarding the laptop, it was actually Davis's girlfriend who reported that *her* laptop was stolen. Assuming that the laptop found in the trash bags

7

Therefore, as the Attorney General acknowledges, the record does not contain evidence that "any of the items claimed were stolen from [Davis] and not recovered." Indeed, the People did not ask Davis to submit a declaration, testify, or otherwise explain the actual losses he sustained. In sum, we agree with the parties that the trial court abused its discretion in awarding Davis $7,852.90 in restitution because the award lacks an adequate factual basis. Accordingly, the restitution order must be vacated, and the matter remanded to the trial court for a new restitution hearing.

## DISPOSITION

The victim restitution order is reversed and the case is remanded for a new hearing on the amount of restitution.

---

belonged to her, awarding Davis the value of the stolen laptop provided him with an improper windfall. (*Chappelone*, *supra*, 183 Cal.App.4th at p. 1172.)

_____

RICHMAN, ACTING P. J.

We concur.

_____

MILLER, J.

_____

DESAUTELS, J.

(*People v. Rivera A169694N*)

9